IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

**FILED**

MAY 0 2 2008

DAVID CREWS, CLERK

By_____

Deputy

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. 2:08cv73-P-A |
| v. | ) ) | |
| SONIC DRIVE-IN, OLIVE BRANCH, MS, A LIMITED PARTNERSHIP, | ) ) ) | COMPLAINT |
| Defendant. | ) | JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief to Patience Hunt and other female employees who were adversely affected by such practices. The Commission alleges that Patience Hunt and other female employees of Defendant Sonic Drive In, Olive Branch, MS, a Limited Partnership, ("Defendant Employer"), were subjected to sexual harassment by Defendant Employer and that Ms. Hunt was constructively discharged because of the unlawful harassment.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.   This action is authorized and instituted pursuant to Sections 706(f)(1) and (3)

of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII")and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for Northern District of Mississippi, Delta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Employer has continuously been a limited partnership doing business in the State of Mississippi and the City of Olive Branch and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h). Defendant Employer operates a drive-in restaurant serving fast food to customers.

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Patience Hunt filed a charge with the Commission alleging violations of Title VII by Defendant Employer.  All conditions precedent to the institution of this lawsuit have been fulfilled.

7.     Since at least June 2007, Defendant Employer has engaged in unlawful employment practices at its Olive Branch, Mississippi location, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2(a).

8.     Defendant Employer has subjected Patience Hunt and other female employees to unwelcome verbal and physical harassment based on sex that was severe and pervasive.

9.     Verbal harassment included unwelcome sexual propositions, sexual jokes, and comments about genitalia made to Patience Hunt and other female employees.

10.    Physical harassment included unwelcome intimate, physical touching of Patience Hunt and other female employees.

11.    Defendant Employer has a policy prohibiting sexual harassment in the work place.

12.    Patience Hunt complained to Defendant Employer about being sexually harassed, and her complaint complied with Defendant's policy.

3

13.    Defendant failed to take prompt, effective action to respond to, or remedy, Ms. Hunt's complaint of harassment and to stop sexual harassment in the work place.

14.    Ms. Hunt was forced to quit because of Defendant's sexual harassment and, as a result, she has suffered a tangible job consequence because of Defendant's harassment.

15.    The effect of the practices complained of in paragraph 7-14 above has been to deprive Patience Hunt and other female employees of equal employment opportunities and otherwise adversely affect their status as employees, because of sex, female.

16.    The unlawful employment practices complained of in paragraph 7-14 above were, and are, intentional.

17.    The unlawful employment practices complained of in paragraph 7-14 above were, and are, done with malice or with reckless indifference to the federally protected rights of Patience Hunt and other female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from

engaging in sexual harassment.

B.    Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendant Employer to make whole Patience Hunt and other female employees by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Patience Hunt to a car-hop position.

D.    Order Defendant Employer to make Patience Hunt and other female employees whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7-14 above, in amounts to be determined at trial.

E.    Order Defendant Employer to make whole Patience Hunt and other female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7-14 above, including emotional distress, pain and suffering, embarrassment, humiliation and loss of enjoyment of life, in amounts to be determined at trial.

F.    Order Defendant Employer to pay Patience Hunt and other female employees punitive damages for its malicious and reckless conduct described in paragraph 7-14 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

FAYE A. WILLIAMS
Regional Attorney
Tennessee Bar No. 011730

1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
(901) 544-0088

WILLIAM A. CASH, JR.
Supervisory Trial Attorney
Arkansas Bar No. 88081

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
820 Louisiana, Suite 200
Little Rock, AR 72201
(501) 324-5539

CELIA S. LINER
Senior Trial Attorney
Arkansas Bar No. 90183

1407 Union Avenue, Suite 901
Memphis, Tennessee 38104
(901) 544-0075